AFSCME LOCAL 818 WATERBURY CITY EMPLOYEES ASSOCIATION, Michael Reardon, Carl Colangelo, and Brian Lister, Plaintiffs–Appellants,

AFSCME Local 353, Plaintiffs,

v.

CITY OF WATERBURY and Waterbury Financial Planning And Assistance Board, Defendants–Appellees.

No. 05–5656–cv.

United States Court of Appeals, Second Circuit.

Aug. 22, 2006.

John R. Williams, New Haven, CT, for Plaintiffs–Appellants.

Gary S. Starr, Shipman & Goodwin LLP, Hartford, CT, for Defendant–Appellee City of Waterbury.

Linda L. Morkan (Richard F. Vitarelli, Stephen W. Aronson and Christopher T. Wethje, on the brief), Robinson & Cole LLP, Hartford, CT, for Defendant–Appellee Waterbury Financial Planning and Assistance Board.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Circuit Judges and Hon. PAUL L. FRIEDMAN, District Judge.*

## SUMMARY ORDER

Plaintiffs–Appellants AFSCME Local 818 ("AFSCME") and the Waterbury City Employees Association ("WCEA") are labor organizations representing current City of Waterbury employees. Along with three individual city employees, Brian Lister, Michael Reardon, and Carl Colangelo,[1] AFSCME and WCEA brought an action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief to prohibit the implementation of Connecticut Special Act No. 01–1, 2001 Conn. H.B. 6952 (Reg. Sess.) ("Special Act"), insofar as it relates to labor contracts. This Act placed the finances of Defendant–Appellee the City of Waterbury ("City") under the supervision of Defendant–Appellee the Waterbury Financial Planning Assistance Board ("Board"), and it permitted the Board to impose binding arbitration of labor contracts. Plaintiffs allege that the Special Act and its implementation have impaired their contract and property rights, in violation of the Contracts Clause, Article I, Section 10, and the Takings Clause of the Fifth and Fourteenth Amendments to the United States Constitution. The district court granted Defendants–Appellees' motion to dismiss on September 22, 2005, finding that the complaint failed to state a claim for infringement of a contract or property right. We assume the parties' familiarity with the facts, the procedural history, and the specific issues on appeal.

We affirm the decision below for substantially the reasons given by Judge Arterton. Plaintiffs–Appellants, who offered virtually no argument in support of their appeal, have not alleged an impairment of contract rights that would be cognizable under the Contracts Clause. See U.S. Const. art. I, § 10, cl. 1; Sal Tinnerello & Sons, Inc. v. Town of Stonington, 141 F.3d 46, 52 (2d Cir.1998) (stating that the Contract Clause is not violated unless there is a contract impairment that is substantial). Both pre–2002 contracts at issue in this case contain specific duration clauses that have lapsed, and we find nothing in the contracts to indicate deviation from the general rule that contractual obligations under a labor agreement "will cease, in the ordinary course, upon termination of the bargaining agreement." Litton Fin. Printing Div. v. NLRB, 501 U.S. 190, 207, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991). The vesting language in these contracts (Article XVII, § 11 of the 2000 WCEA

---

* The Honorable Paul L. Friedman, of the United States District Court for the District of Columbia, sitting by designation.

1. Michael Reardon and Carl Colangelo were subsequently voluntarily dismissed from the case and are not parties to this appeal.

Agreement and Article XVII, §§ 12–13 of the 1998 AFSCME Agreement), on which Plaintiffs–Appellants rely, unambiguously applies only to employees who have served between ten and twenty years but have terminated their employment with the City.

Plaintiffs–Appellants have made no arguments regarding their Takings Clause claim on appeal, and we therefore regard any challenge to the dismissal of that cause of action to be abandoned. *See Francis v. Elmsford Sch. Dist.*, 442 F.3d 123, 124 (2d Cir.2006). In any event, as the district court found, the question of a Takings Clause violation was contingent on the existence of a contract right that might constitute property. *See Pineman v. Fallon*, 842 F.2d 598, 602 (2d Cir.1988) (indicating that a claim for an unconstitutional taking requires, *inter alia*, the allegation of a property interest).

Having resolved both of Plaintiffs–Appellants' claims, we take no position on the Board's argument that it is an arm of the state of Connecticut entitled to sovereign immunity from suit without its consent.

We have considered all of the remaining arguments made by the Plaintiffs–Appellants and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

